**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| JUDY SEAVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIG DIRECT INSURANCE SERVICES, INC., a California corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Judy Seavey ("Seavey" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant AIG Direct Insurance Services, Inc. ("AIG Direct" or "Defendant") to stop its practice of making unsolicited telemarketing calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant AIG Direct Insurance Services, Inc. is a life insurance agency.

2. Unfortunately for many consumers, AIG Direct casts its marketing net too wide. That is, in an attempt to solicit business, AIG Direct conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited calls to consumers' telephones—including cellular telephones and numbers that appear on the

National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making the telephone calls at issue in this Complaint, AIG Direct caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components.

4. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case. In response to AIG Direct's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring AIG Direct to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Judy Seavey is a natural person and citizen of the State of Florida. She resides in Tampa, Florida.

6. Defendant AIG Direct Insurance Services, Inc. is a corporation organized and existing under the laws of the State of California with its headquarters located at 9640 Granite Ridge Drive, Ste. 200, San Diego, California 92123. AIG Direct is licensed by the Florida Department of Financial Services and conducts business throughout this District, the State of Florida, and the United States.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.,* which is a federal statute.

8. This Court has personal jurisdiction over AIG Direct because it solicits significant consumer business in this District and the unlawful conduct alleged in this Complaint occurred in or was directed to this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because AIG Direct solicits a significant amount of consumer business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

10. AIG Direct is one of the largest insurance organizations in the world and has life insurance products to more than six million people AIG contacts consumers in an effort to solicit their business.

11. As explained by the Federal Communications Commission ("FCC"), the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

12. Yet in violation of this rule, AIG Direct fails to obtain any prior express consent (oral or written) to make the autodialed calls described herein to cellular

telephone numbers.

13. In AIG Direct's overzealous marketing attempts, it placed (and continues to place) phone calls to consumers that never provided consent to be called and to consumers' cellphones with whom it had no prior dealings or relationship. Worse yet, AIG Direct placed (and continues to place) repeated and unwanted calls to consumers whose phone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

14. Consumer complaints about AIG Direct's invasive and repetitive calls are legion. As a sample, consumers have complained as follows:

- Repeated calling with no message.[1]
- Calling for 2wks now, repeatedly. No Msg, CM. No 1 there wen I have ansrd. Reject list !!![2]
- I'm being harassed by calls daily. I do not want their services nor their calls.[3]
- they….won't…stop…calling [4]
- Didn't answer do not know how they obtained this number as I have doen nothing on line for anything requiring a phone number but it is also now a blocked number[5]
- They've been calling our office several times a day for the past three days. I asked around and no one claims to have asked for a life quote. What a pain in the rear. I just set the receiver on the desk until they hang up.[6]
- They called me 6 times 3 days.[7]
- Robo call[8]

---

[1] *Id.*
[2] *Id.*
[3] http://800notes.com/Phone.aspx/1-858-309-3000/10
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

- Have started calling - 3 times on cell phone within the past 24 hours. Assume from others, this is a robo-selling call.[9]

15. In making the phone calls at issue in this Complaint, AIG Direct and/or its agent utilized an automatic telephone dialing system.[10] Specifically, the hardware and software used by AIG Direct (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. AIG Direct's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

16. AIG Direct knowingly made (and continues to make) telemarketing and/or solicitation calls without the prior express consent of the call recipients and knowingly continues to call such consumers after requests to stop. As such, AIG Direct not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

17. On January 27, 2006, Plaintiff registered her cellular telephone number with the National Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls.

---

[8] *Id.*
[9] *Id.*

[10] It is without argument that AIG Direct uses an ATDS. *See* https://www.aigdirect.com/ (Noting that when consumers request quotes on the AIG Direct website they "consent to receive phone calls from AIG Direct, regarding AIG Direct's products and services, at the phone number(s) above, including my wireless number if provided. I understand these calls may be generated using an automated technology.")

18. Starting on or around October of 2016, Plaintiff began receiving a series of telephone calls from AIG Direct on her cellular telephone number.

19. AIG Direct contacted or attempted to contact Plaintiff via the following telephone numbers: (858) 309-3000, (858) 309-5999, and (402) 590-5144.

20. Upon answering AIG Direct's unwanted telephone calls on her cellular telephone, Plaintiff noticed a distinct pause before AIG Direct's representative would speak. Such pause upon answering is a hallmark sign of the caller using an automated telephone dialing system.

21. Upon answering AIG Direct's unwanted telephone calls, AIG Direct routinely asked for a person whom it identified as either "Tim" or "Tom."

22. Plaintiff informed AIG Direct that nobody by the aforementioned name lived at the address it was contacting and that it had the wrong number. Plaintiff then demanded that AIG Direct cease contacting her.

23. Occasionally, when Plaintiff did not answer AIG Direct's unwanted telephone calls, Defendant would leave a message on Plaintiff's voicemail.

24. AIG Direct's calls were annoying and harassing. As an illustrative example, on November 2, 2016, Plaintiff received four telephone calls from AIG Direct in the span of 34 minutes (2 of which came within 6 minutes of each other).

25. An image of Plaintiff's cellular telephone screen evidencing AIG Direct's barrage of calls to Plaintiff is reproduced below.[11]

[11] Telephone numbers (402) 590-5144, (858) 309-3000, and (858) 309-5999 are owned and/or otherwise controlled by AIG Direct.




26. Plaintiff was so frustrated by receiving these unwanted calls, that she contacted AIG Direct directly via its telephone number (858) 309-5999 to demand it cease calling.

27. Despite her repeated requests to have AIG Direct cease contacting her, AIG Direct still contacted or attempted to contact her cellular telephone in an attempt to sell her life insurance throughout the end of November 2016.

28. Plaintiff does not have a relationship with AIG Direct, has never provided her telephone number directly to AIG Direct, and never requested that AIG Direct place

calls to her or offer her its services. Simply put, Plaintiff has never provided any form of prior express written consent to AIG Direct to place calls to her and has no business relationship with AIG Direct.

29. AIG Direct is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

30. **Class Allegations**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and the three Classes defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) AIG Direct (or a third person acting on behalf of AIG Direct) called; (2) on the person's cellular telephone number; (3) for the purpose of selling AIG Direct's products and services; and (4) for whom AIG Direct claims it obtained prior express consent in the same manner as AIG Direct claims it obtained prior express consent to call the Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) AIG Direct (or a third person acting on behalf of AIG Direct) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling AIG Direct's products and services; and (5) for whom AIG Direct claims it obtained prior express consent in the same manner as AIG Direct claims it obtained prior express consent to call the Plaintiff..
>
> **Autodialed Stop Call Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) AIG Direct (or a third person acting on behalf of AIG Direct) called; (2) on the person's cellular telephone; (3) for the purpose of marketing AIG Direct's products and/or services; (4) after the person informed AIG Direct (or a third person acting on behalf of AIG Direct)

that he or she no longer wished to receive calls from AIG Direct.

31. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) AIG Direct, AIG Direct's subsidiaries, parents, successors, predecessors, and any entity in which the AIG Direct or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and AIG Direct's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following discovery related to such issues

32. **Numerosity**: The exact sizes of each of the Classes are unknown and are not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, AIG Direct made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions are central to the case and predominate over any questions that AIG Direct may claim affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether AIG Direct's conduct violated the TCPA;

(b) Whether AIG Direct systematically made telephone calls to

individuals who did not previously provide AIG Direct and/or its agents with their prior express consent to receive such phone calls;

(c) Whether AIG Direct made the calls with the use of an ATDS;

(d) Whether AIG Direct systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

(e) Whether AIG Direct made the calls after specifically being asked not to by consumers; and

(e) Whether members of the Classes are entitled to treble damages based on the willfulness of AIG Direct's conduct.

34. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of AIG Direct's uniform wrongful conduct during transactions with Plaintiff and the Classes.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and AIG Direct has no defenses unique to Plaintiff.

36. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because AIG Direct has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes. AIG Direct's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on AIG Direct's conduct with respect

to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

37. **Superiority and Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by AIG Direct's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from AIG Direct's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
**Violation of 47 U.S.C. § 227, *et seq.***
**(On behalf of the Plaintiff and the Autodialed No Consent Class)**

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. AIG Direct made unsolicited and unwanted telemarketing calls to telephone numbers belonging to the Plaintiff and the other members of the Autodialed No Consent Class—without their prior express written consent—in an effort to sell its products and services.

40. AIG Direct made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

41. AIG Direct utilized equipment that made the telephone calls to the Plaintiff and other members of the Classes simultaneously and without human intervention.

42. By making unsolicited telephone calls to Plaintiff and Class members' cellular telephones without prior express consent, and by utilizing an ATDS, AIG Direct violated 47 U.S.C. § 227(b)(1)(A)(iii).

43. As a result of AIG Direct's unlawful conduct, Plaintiff and the members of the Classes suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and a reduction in their allotment of minutes and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

44. Should the Court determine that AIG Direct's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Classes.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq*.**
**(On behalf of the Plaintiff and Do Not Call Registry Class)**

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in

violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

49. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

50. AIG Direct violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone

numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from AIG Direct, as set forth in 47 C.F.R. § 64.1200(d)(3).

51. AIG Direct made more than one unsolicited telephone call to Plaintiff and members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from AIG Direct, and/or AIG Direct does not have a current record of consent to place telemarketing calls to them.

52. AIG Direct violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to wireless telephone subscribers, such as the Plaintiff and the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

53. AIG Direct violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of AIG Direct in violation of 47 C.F.R. § 64.1200, as described above. As a result of AIG Direct's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54. To the extent AIG Direct's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of

statutory damages recoverable by the members of the Do Not Call Registry Class.

**THIRD CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq*.**
**(On behalf of Plaintiff and the Autodialed Stop Call Class)**

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. Defendant made unsolicited and wanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class on their cellular telephone *after* the person had informed Defendant that s/he no longer wished to receive such calls from Defendant.

57. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

58. By making unsolicited telephone calls to Plaintiff and members of the Autodialed Stop Call Class's cellular telephones after they requested to no longer receive calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

59. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Autodialed Stop Call Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in damages for each such violation of the TCPA.

60. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory

damages recoverable by Plaintiff and the other members of the Autodialed Stop Call Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Judy Seavey, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Judy Seavey as the representatives of the Classes and appointing their counsel as Class Counsel;

2. An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class Members;

3. An injunction requiring AIG Direct and its agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**JUDY SEAVEY**, individually and on behalf of all others similarly situated,

Dated: February 8, 2017

By: /s/ Stefan Coleman
One of Plaintiff's Attorneys

Stefan Coleman (Florida Bar No. 0030188)
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 South Biscayne Blvd., 28th floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile (888) 498-8946

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E Mexico Avenue
Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-937-0809

*Counsel for Plaintiff and the Putative Classes*

*pro hac vice admission to be sought